```
E56KFAIC
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                14 CR 243 (JSR)

ROBERT FAIELLA,

            Defendant.

------------------------------x

                                     New York, N.Y.
                                     May 6, 2014
                                     11:00 a.m.

Before:

                    HON. JED S. RAKOFF,

                               District Judge

                      APPEARANCES

PREET BHARARA,
    United States Attorney for the
    Southern District of New York
CHRISTIAN EVERDELL
    Assistant United States Attorney

DAVID BRAUN
    Attorney for Defendant

1            THE DEPUTY CLERK:  This is United States versus
2   Faiella, Docket No. 14 CR 243, defendant number one.  Will
3   everyone please be seated and will the parties please identify
4   themselves for the record.
5            MR. EVERDELL:  Good morning, your Honor.  Christian
6   Everdell standing in for Serrin Turner for the government.
7            MR. BRAUN:  Good morning, your Honor.  David Braun on
8   behalf of Mr. Faiella.
9            THE DEFENDANT:  Robert Faiella, your Honor.
10           THE COURT:  Good morning.
11           We are here because of a telephone application that
12  was made by defense counsel to be relieved.  One of the reasons
13  given, over the phone to my law clerk by defense counsel, was
14  that the defendant had insufficient funds to pay his counsel.
15  In a criminal case, that's not normally a reason to relieve
16  counsel.  Indeed, under the rules of this court and the ethical
17  rules of the State of New York, which this court has adopted,
18  all criminal counsel are on notice that once they appear, they
19  will not normally be relieved simply because their client has
20  fallen into economic difficulties.
21           However, counsel indicated that there may be other
22  reasons, which were of the nature of differences between him
23  and his client.  So I'm going to for the moment excuse the
24  prosecutor and other folks who are here and seal the courtroom
25  briefly, to hear those reasons on a sealed basis and then

E56KFAIC

1   everyone will be invited to come back in.

2             (Pages 4-10 SEALED by order of the Court)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1            THE COURT:  Counsel is here, and I need to tell the
2    defendant, before you say anything further, that there are some
3    reporters here as well.
4            THE DEFENDANT:  I'm aware of that.
5            THE COURT:  So we're back now in open court.
6            THE DEFENDANT:  Yes.
7            THE COURT:  The Court has determined that, in terms
8    more often used in family court, there are irreconcilable
9    differences between the defendant and his counsel, but it also
10   appears that the defendant may well qualify for appointed
11   counsel.
12           So, with defendant's agreement, his present counsel,
13   the defendant, and the government should go to the Magistrate's
14   Court, have the defendant fill out the CJA form, and assuming
15   he qualifies, I understand that the CJA attorney on duty today
16   is David Rody, well-known to this Court for the excellence of
17   his representation, who will then be appointed.  Once he's
18   appointed, then automatically Mr. Braun will be relieved.
19           However, Mr. Braun is under duty to continue to
20   cooperate fully with the new counsel regardless of any fee
21   disputes that may be ongoing between him and his client, and to
22   also apprise new counsel, as I'm sure the government will as
23   well, of the schedule that's been set.  If there are any
24   short-term adjustments in the schedule that need to be made,
25   just jointly call chambers and we will deal with that, but as

E56KFAIC

1   you well know, the trial date will not move under any
2   circumstances.
3           The defendant has raised a fee issue with the Court,
4   and the Court has informed the defendant that it sounds to me
5   like it's a matter of Florida contractual law, not a matter
6   properly before the Court, but he can consult with his new
7   attorney if he wishes on that and see if there's something
8   further that needs to be raised with the Court.
9           THE DEFENDANT:  Your Honor?
10          THE COURT:  Yes.
11          THE DEFENDANT:  What if I don't want to relieve him on
12  his duties at this time?
13          THE COURT:  What if you don't?  I'm sorry.
14          THE DEFENDANT:  What if I don't want to relieve him as
15  my counsel at this time?
16          THE COURT:  What if you want to relieve him?
17          THE DEFENDANT:  If I don't want to relieve him as my
18  counsel, is it his responsibility that he has to stay on the
19  case?
20          THE COURT:  No.  I have determined that he will be
21  relieved as soon as new counsel, because of the irreconcilable
22  differences.
23          THE DEFENDANT:  OK, your Honor.
24          THE COURT:  So, no, that's not a matter within your
25  discretion.

E56KFAIC

1            Anything else we need to take up?
2            MR. EVERDELL:  Your Honor, once the defendant fills
3  out the financial affidavit, do we return to your Honor's court
4  for the substitution of counsel or can we --
5            THE COURT:  No, no, no.  The magistrate judge will
6  take care of that.
7            MR. EVERDELL:  Thank you, your Honor.
8            THE COURT:  All right, very good.  Thanks very much.
9            THE DEFENDANT:  Your Honor?
10           THE COURT:  Yes.
11           THE DEFENDANT:  Will have I have to stay in New York
12  much longer?
13           THE COURT:  This will take about an hour.
14           THE DEFENDANT:  All right.  Thank you very much.
15           MR. BRAUN:  And, your Honor, I wanted to thank you for
16  what you said at the arraignment the other day, about welcoming
17  me here and you're happy to have me here.  I appreciate that,
18  and had this other unforeseen stuff not happened, I would have
19  looked forward to trying the case here with you.
20           THE COURT:  That's very kind of you.  Perhaps I'll see
21  you in some future case.
22           MR. BRAUN:  Thank you.
23                              * * *
24
25