UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
                                                        :

UNITED STATES OF AMERICA,        :

                                      - v. -                    :         14 Crim. 243 (JSR)

ROBERT FAIELLA,                      :
     a/k/a "BTCKing," and           :
CHARLIE SHREM,                        :

                      Defendants.          :

------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT ROBERT FAIELLA'S MOTION TO DISMISS COUNT ONE OF THE INDICTMENT

Timothy J. Treanor
Todd M. Beaton, Jr.
David W. Denton, Jr.
Francesca E. Brody
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019

(212) 839-5300 Telephone
(212) 839-5599 Facsimile

*Attorneys for Robert Faiella*

# TABLE OF CONTENTS

                                    **Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................1

I.  The Unlicensed Money Transmitter Statute Does Not Apply Generally to the Transfer of Liquid Assets .................................................................................................1

II.  The Unlicensed Money Transmitter Statute Does Not Apply to Transfers of Funds to a Client's Custodial Account ..................................................................................3

III.  The Rule of Lenity and Principles of Due Process Warrant an Interpretation of the Unlicensed Money Transmitting Statute That Does Not Include Transferring Bitcoin to Client Custodial Accounts ...........................................................................5

CONCLUSION....................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Arthur Andersen LLP v. United States*,
   544 U.S. 696 (2005)............................................................................................................5

*SEC v. Rosenthal*,
   650 F.3d 156 (2d Cir. 2011).................................................................................................2

*SEC v. Shavers*,
   No. 4:13-cv-416, 2013 WL 4028182 (E.D. Tex. Aug. 6, 2013)...........................................2

*Troll Co. v. Uneeda Doll Co.*,
   483 F.3d 150 (2d Cir. 2007).................................................................................................2

*United States v. Ali*,
   561 F. Supp. 2d 269 (E.D.N.Y. 2008) .................................................................................5

*United States v. Ali*,
   No. 06-CR-200 (ENV), 2008 WL 4773422 (E.D.N.Y. Oct. 27, 2008) ...............................7

*United States v. Dauray*,
   215 F.3d 257, 264 (2d Cir. 2000).........................................................................................4

*United States v. E-Gold, Ltd.*,
   550 F. Supp. 2d 82 (D.D.C. 2008) .......................................................................................3

*United States v. Granderson*,
   511 U.S. 39 (1994)............................................................................................................5, 6

*United States v. Mazza-Alaluf*,
   607 F. Supp. 2d 484 (S.D.N.Y. 2009).................................................................................5

*United States v. Velastegui*,
   199 F.3d 590, 592 (2d Cir. 1999).........................................................................................3

*United States Ulbricht*,
   No. 14 Cr. 68 (KBF), 2014 WL 3362059, at *24 (S.D.N.Y. July 9, 2014),........................2

**STATUTES AND RULES**

18 U.S.C. § 1956......................................................................................................................2

18 U.S.C. § 1960............................................................................................................. *passim*

31 C.F.R. § 1010.100(ff)(5)(i) (2013).......................................................................................3

## INTRODUCTION

Defendant Robert Faiella respectfully submits this memorandum of law in reply to the Government's response to his Motion to Dismiss Count One of the Indictment. The Government's response fails to address the fundamental issue raised in Faiella's motion—that the charge in Count One is predicated upon an interpretation of the unlicensed money transmitter statute that—in two separate ways—is overbroad, unworkable, and would lead to irrational results. First, the Government champions a definition of the term "funds" as used in the statute that would encompass generally transfers of assets that exhibit the characteristic of liquidity. Such a definition simply cannot be correct and would lead to absurd applications of the statute. Second, the Government champions a definition of the term "transfer" under the statute that would apply where a seller provides liquid assets to a customer in an account held by a custodian on behalf of the customer. This is also an interpretation that cannot be correct. Due to the statute's inherent ambiguity, the rule of lenity should apply and its terms should be interpreted narrowly and in a manner that inevitably would exclude the act of exchanging Bitcoin.

## ARGUMENT

**I. The Unlicensed Money Transmitter Statute Does Not Apply Generally to the Transfer of Liquid Assets**

Application of § 1960 to the transfer of Bitcoin turns on whether Bitcoin fits the definition of the term "funds" under the statute. The Government argues that Bitcoin falls within that definition because the term "funds" "is a flexible one, encompassing any liquid form of value that can substitute for cash." (Opp. Br. 7.) For support, the Government cites to Black's Law Dictionary where "fund" is defined as "a sum of money or other liquid assets established for a specific purpose" and where "liquid asset" is defined by cross reference to "current asset" as "[a]n asset that is readily convertible into cash." (Opp. Br. 7-8.) In the context of the statute,

however, defining the term "funds" based on an assessment of an asset's liquidity is indefensible and cannot be correct because the definition would apply to many assets that are clearly not within the purview of the statute. For example, the transfer of commodities traded on an exchange—such as copper, oil, wheat, soybeans, hogs, cotton, orange juice, coffee, or lumber—would fit the statute's definition of "funds" and the transfer of such liquid assets could be subject to the money transmitter statute. If such were the case, § 1960 would become an absurdity and thus cannot be so interpreted. *See Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 160 (2d Cir. 2007) (rejecting interpretation of a statute that would render it "absurdly broad"); *accord SEC v. Rosenthal*, 650 F.3d 156, 162 (2d Cir. 2011) (observing that "[i]t is, to be sure, well-established that '[a] statute should be interpreted in a way that avoids absurd results,'" and rejecting Government's construction of criminal statute that would result in overbreadth).

The Government cites to *United States v. Ulbricht*, No. 14 Cr. 68 (KBF), 2014 WL 3362059, at *24 (S.D.N.Y. July 9, 2014), for the proposition that Bitcoin constitutes "funds." (Opp. Br. at 8.) The *Ulbricht* court, however, was interpreting the application of the money laundering statute, 18 U.S.C. § 1956, and not § 1960, and relied on the breadth of the money laundering statute in support of its decision. *See id.* at *24 ("The money laundering statute is broad enough to encompass use of Bitcoins in financial transactions.").

The Government's reliance on *SEC v. Shavers*, No. 4:13-cv-416, 2013 WL 4028182 (E.D. Tex. Aug. 6, 2013) (*see* Opp. Br. 8), is likewise misplaced. The *Shavers* court considered whether Bitcoin investments constituted securities under the Securities Act, 15 U.S.C. § 77b. That statutory scheme encapsulates "*any contract, transaction, or scheme* involving (1) an investment of money," and thus lends itself to a broader interpretation than the narrow "money

2

transmitting" of § 1960. *See Shavers*, 2013 WL 4028182, at *2 (citation omitted) (emphasis added).

Equally unpersuasive is the Government's reliance on the decision of the U.S. District Court for the District of Columbia in *United States v. E-Gold, Ltd.*, 550 F. Supp. 2d 82 (D.D.C. 2008) for the proposition that "funds" encompasses virtual currency. In *E-Gold*, the court found that § 1960 applied to a digital currency exchanger because a "'money transmitting service' includes not only a transmission of actual currency, but also a transmission of the value of that currency through some other medium of exchange." *Id.* at 94. The definition of the term "funds" to encompass the "value" of currency reflects the same unworkable definition that the Government would have the Court adopt here—namely, that by transmitting something that has liquidity or currency value, a person can be considered to be operating a money transmitting business under § 1960. Such a reading can only be said to render § 1960 absurdly broad and should be rejected by this Court.

## II. The Unlicensed Money Transmitter Statute Does Not Apply to Transfers of Funds to a Client's Custodial Account

Application of § 1960 also requires that a defendant engage in "transferring funds on behalf of the public." 18 U.S.C. § 1960(b)(2). Such a transfer under the statute must be made to another location or person. *United States v. Velastegui*, 199 F.3d 590, 592 (2d Cir. 1999); *see also* 31 C.F.R. § 1010.100(ff)(5)(i) (2013) (defining "money transmission services" to require transmission of funds to "another location or person"). The Government takes the position that the sale of Bitcoin by Faiella to customers constituted such a transfer because Faiella delivered Bitcoin to his customers in their accounts at Silk Road. The Government argues that such a transfer was to a third party—Silk Road (Opp. Br. 12)—and to a new location—Bitcoin

addresses (*id.* at 13-14). The Government's argument, however, is unpersuasive because the Government's allegations only describe transfers of Bitcoin to accounts belonging to Faiella's customers that are held by a custodian. Such transfers are not transfers to another location or person and an interpretation of § 1960 that include such actions would be overbroad and lead to illogical results, including extending application of the statute to the conduct of employers who pay employees through direct deposit programs, stock brokers who deliver stock to customers in custodial accounts, and other conduct that clearly does not constitute money transmitting. Such an overbroad definition cannot be what the drafters of § 1960 envisioned, and for that reason, Count One of the Indictment must be dismissed.

The Government's reliance upon the *E-Gold* case to support its interpretation of the definition of "transferring" under the statute is misplaced because the conduct in *E-Gold* was demonstrably and meaningfully different from Faiella's alleged conduct. In *E-Gold*, the defendants executed transfers between the accounts of different customers. *E-Gold*, 550 F. Supp. 2d at 85. Faiella, on the other hand, is not alleged to have transmitted funds from one customer to another but instead is alleged to have delivered Bitcoin to his customers at their custodial accounts. (Opp. Br. 13-14.) Accordingly, it is of no consequence that the statute "has *already* been found to apply in the virtual currency context," as the Government states with apparent moment. (Opp. Br. 16.) Instead, because the "transfer" requirement of § 1960 never has been construed to include Faiella's alleged conduct, affording the requirement the Government's unprecedented expansive definition here would render the statute invalid for failure to "'give fair warning of the conduct that it makes a crime.'" *United States v. Dauray*, 215 F.3d 257, 264 (2d Cir. 2000).

**III.  The Rule of Lenity and Principles of Due Process Warrant an Interpretation of the Unlicensed Money Transmitting Statute That Does Not Include Transferring Bitcoin to Client Custodial Accounts**

The Government's attempt to dispel the severe constitutional problems inherent in its proposed construction of § 1960—which boils down to little more than an assertion that the same issues "were raised in the *E-Gold* litigation" (Opp. Br. 14 (citing 550 F. Supp. 2d at 100-01))—fails to disturb Faiella's demonstration (*see* Def. Br. 6-7, 11-12) that the Government's infinitely expansive interpretation of the statute's ambiguous language contravenes both the rule of lenity and principles of due process.  *See, e.g.*, *Arthur Andersen LLP v. United States*, 544 U.S. 696, 703 (2005); *United States v. Granderson*, 511 U.S. 39, 54 (1994) ("In these circumstances—where text, structure, and history fail to establish that the Government's position is unambiguously correct—we apply the rule of lenity and resolve the ambiguity in [defendant's] favor.").

Here, the Government's contentions concerning the purported clarity of § 1960 are belied by the way in which numerous courts in this Circuit have struggled to construe its terms.  *See, e.g.*, *United States v. Mazza-Alaluf*, 607 F. Supp. 2d 484, 489 (S.D.N.Y. 2009) (observing that § 1960 has been "aptly described" as "containing 'somewhat peculiar terms'" (citation omitted)); *United States v. Ali*, No. 06-CR-200 (ENV), 2008 WL 4773422, at *12-13 (E.D.N.Y. Oct. 27, 2008) ("With the individual terms 'money,' 'transmitting' and 'business' all somehow managing to emerge from [§ 1960] with no greater degree of clarity, obvious questions jump to the fore: What constitutes a 'business'?  What sorts of instruments fall within the category of 'money,' and which do not?  What is 'transmitting'?"); *United States v. Ali*, 561 F. Supp. 2d 269, 272-73 (E.D.N.Y. 2008) ("On their face, neither the federal nor the [New York] state money transmitting statute delineates a zone of prohibited conduct with much clarity.").  Because

5

§ 1960's text, structure, and history, "fail to establish that the Government's position is unambiguously correct," this Court should "apply the rule of lenity and resolve the ambiguity in [Faiella's] favor." *Granderson*, 511 U.S. at 54.

Appropriate adherence to the rule of lenity and due process standards warrant an interpretation of § 1960 that does not include the act of transferring Bitcoin to client custodial accounts and thus the Court should dismiss Count One of the Indictment for failure to allege an offense under § 1960.

## CONCLUSION

For the foregoing reasons, defendant Robert Faiella respectfully requests that the Court dismiss Count One of the Indictment.

Dated: August 1, 2014
      New York, New York

/s/ Timothy J. Treanor
_____
Timothy J. Treanor
  ttreanor@sidley.com
Todd M. Beaton, Jr.
  tbeaton@sidley.com
David W. Denton, Jr.
  ddenton@sidley.com
Francesca E. Brody
  fbrody@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York 10019

(212) 839-5300 Telephone
(212) 839-5599 Facsimile

*Attorneys for Robert Faiella*