UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
UNITED STATES OF AMERICA           :        14-cr-243 (JSR)
                                   :
        -v-                        :        MEMORANDUM ORDER
                                   :
ROBERT M. FAIELLA, a/k/a "BTCKing," :
    and CHARLIE SHREM              :
                                   :
    Defendants.                    :
---------------------------------------x
                                                    8/19/14
JED S. RAKOFF, U.S.D.J.                :

        Defendants in this case are charged in connection with their

operation of an underground market in the virtual currency "Bitcoin"

via the website "Silk Road." Defendant Faiella is charged with one

count of operating an unlicensed money transmitting business in

violation of 18 U.S.C. § 1960,[1] Indictment ("Ind.") ¶ 1 (Count One),

and one count of conspiracy to commit money laundering in violation

of 18 U.S.C. § 1956(h), Ind. ¶¶ 3-5 (Count Three). Following

indictment, Faiella moved to dismiss Count One of the Indictment on

three grounds: first, that Bitcoin does not qualify as "money" under

Section 1960; second, that operating a Bitcoin exchange does not

constitute "transmitting" money under Section 1960; and third that

Faiella is not a "money transmitter" under Section 1960. Following

full briefing, the Court heard oral argument on August 7, 2014. Upon

consideration, the Court now denies defendant Faiella's motion, for

the following reasons:

---

[1] Under Section 1960, a defendant is guilty of an offense where he "knowingly
conducts, controls, manages, supervises, directs, or owns all or part of an
unlicensed money transmitting business." 18 U.S.C. § 1960.

First, "money" in ordinary parlance means "something generally accepted as a medium of exchange, a measure of value, or a means of payment." MERRIAM-WEBSTER ONLINE, http://www.merriam-webster.com/dictionary/money (last visited Aug. 18, 2014).[2] As examples of this, Merriam-Webster Online includes "officially coined or stamped metal currency," "paper money," and "money of account" – the latter defined as "a denominator of value or basis of exchange which is used in keeping accounts and for which there may or may not be an equivalent coin or denomination of paper money" Id. Further, the text of Section 1960 refers not simply to "money," but to "funds." In particular, Section 1960 defines "money transmitting" as "transferring funds on behalf of the public by any and all means." 18 U.S.C. § 1960(b)(2) (emphasis added). Merriam-Webster Online defines "funds" as "available money" or "an amount of something that is available for use: a supply of something." MERRIAM-WEBSTER ONLINE, http://www.merriam-webster.com/dictionary/fund (last visited Aug. 18, 2014).

Bitcoin clearly qualifies as "money" or "funds" under these plain meaning definitions. Bitcoin can be easily purchased in exchange for ordinary currency, acts as a denominator of value, and is used to conduct financial transactions. See, e.g., SEC v.

---

[2] Both "money" and "funds" are ordinary English words and should be given their ordinary meanings. The parties make reference, instead, to Black's Law Dictionary, which would only be relevant if Congress intended that these terms be given special meanings as legal "terms of art" – something not remotely suggested in Section 1960. In any case, several of the definitions in Black's Law Dictionary support the rulings here.

*Shavers*, 2013 WL 4028182, at \*2 (E.D. Tex. Aug. 6, 2013) ("It is clear that Bitcoin can be used as money. It can be used to purchase goods or services . . . . [I]t can also be exchanged for conventional currencies . . . .").

If there were any ambiguity in this regard – and the Court finds none – the legislative history supports application of Section 1960 in this instance. Section 1960 was passed as an anti-money laundering statute, designed "to prevent the movement of funds in connection with drug dealing." *United States v. Bah*, 574 F.3d 106, 112 (2d Cir. 2009) (citing H.R. Rep. No. 107-250(I), at 54 (2001)). Congress was concerned that drug dealers would turn increasingly to "nonbank financial institutions" to "convert street currency into monetary instruments" in order to transmit the proceeds of their drug sales. S. Rep. 101-460, 1990 WL 201710 (1990). Section 1960 was drafted to address this "gaping hole in the money laundering deterrence effort." *Id*. Indeed, it is likely that Congress designed the statute to keep pace with such evolving threats, which is precisely why it drafted the statute to apply to any business involved in transferring "funds . . . by any and all means." 18 U.S.C. § 1960(b)(2).

Second, Faiella's activities on Silk Road constitute "transmitting" money under Section 1960. Defendant argues that while Section 1960 requires that the defendant sell money transmitting services to others for a profit, see 31 C.F.R. § 1010.100(ff)(5)(1)(2013) (defining "money transmission services" to

3

require transmission of funds to "another location or person"),
Faiella merely sold Bitcoin as a product in and of itself. But, as
set forth in the Criminal Complaint that initiated this case, the
Government alleges that Faiella received cash deposits from his
customers and then, after exchanging them for Bitcoins, transferred
those funds to the customers' accounts on Silk Road. Ind. ¶ 5;
Complaint ¶¶ 14, 17-18. These were, in essence, transfers to a
third-party agent, Silk Road, for Silk Road users did not have full
control over the Bitcoins transferred into their accounts. Rather,
Silk Road administrators could block or seize user funds. *See, e.g.*,
Complaint ¶¶ 29, 41. Thus, the Court finds that in sending his
customers' funds to Silk Road, Faiella "transferred" them to others
for a profit.

Third, Faiella clearly qualifies as a "money transmitter" for
purposes of Section 1960. The Financial Crimes Enforcement Network
("FinCEN") has issued guidance specifically clarifying that virtual
currency exchangers constitute "money transmitters" under its
regulations. *See* FinCEN Guidance at 1 ("[A]n administrator or
exchanger [of virtual currency] *is* an MSB [money services business]
under FinCEN's regulations, specifically, a money transmitter,
unless a limitation to or exemption from the definition applies to
the person." (emphasis in original)). FinCEN has further clarified
that the exception on which defendant relies for its argument that
Faiella is not a "money transmitter," 31 C.F.R. §

1010.100(ff)(5)(ii)(F),[3] is inapplicable. *See* FinCEN Guidance at 4

("It might be argued that the exchanger is entitled to the exemption

from the definition of 'money transmitter' for persons involved in

the sale of goods or the provision of services. . . . However, this

exemption does not apply when the only services being provided are

money transmission services.").

Finally, defendant claims that applying Section 1960 to a

Bitcoin exchange business would run afoul of the rule of lenity,

constituting such a novel and unanticipated construction of the

statute as to operate like an *ex post facto* law in violation of the

Due Process Clause. The Supreme Court has repeatedly stated that the

rule of lenity is "reserved . . . for those situations in which a

reasonable doubt persists about a statute's intended scope even

*after* resort to 'the language and structure, legislative history,

and motivating policies' of the statute'" *Moskal v. United* States,

498 U.S. 103, 108 (1990) (quoting *Bifulco v. United* States, 447 U.S.

---

[3] <u>See</u> the relevant section below:

> (5) *Money transmitter – (i) In general.* (A) A person that provides money
> transmission services. The term 'money transmission services' means the
> acceptance of currency, funds, or other value that substitutes for currency
> from one person and the transmission of currency, funds, or other value that
> substitutes for currency *to another location or person* by any means . . . .
>
> (ii) Facts and circumstances; Limitations. Whether a person is a money
> transmitter as described in this section is a matter of facts and
> circumstances. The term "money transmitter" shall not include a person that
> only: . . .
>
> (F) Accepts and transmits funds <u>only integral to the sale of goods or the</u>
> <u>provision of services</u>, other than money transmission services, by the person
> who is accepting and transmitting the funds.

31 C.F.R. § 1010.100(ff)(5)(ii)(F) (2013) (emphasis added).

381, 387 (1980) (emphasis in original)). Here, as noted, there is no such irreconcilable ambiguity requiring resort to the rule of lenity. Further, defendant's argument that this case constitutes *ex post facto* judicial lawmaking that violates the Due Process Clause is undermined by Faiella's own statements to the operator of Silk Road that Bitcoin exchanges have "to be licensed," and that law enforcement agencies might "seize [his] funds." Ind. ¶ 51.

For the reasons above, defendant's motion to dismiss is denied. The Clerk of the Court is ordered to close docket numbers 20, 21, and 31 on the docket of this case.

SO ORDERED.

Dated:     New York, NY
           August 18, 2014

JED S. RAKOFF, U.S.D.J.